IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

BARBARA TIDMORE,
AS TRUSTEE OF THE ESTATE OF
WILLIAM TIDMORE
an individual,

    Plaintiff,                                  CASE NO.: 2:19-cv-131-FtM-99MRM

vs.

ARK SYNDICATE MANAGEMENT, LTD., et al.
foreign entities,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, BARBARA TIDMORE AS TRUSTEE OF THE ESTATE OF WILLIAM TIDMORE ("Plaintiff" and/or "Mrs. Tidmore"), by and through the undersigned counsel, files this Amended Complaint against Defendants, ARK SYNDICATE MANAGEMENT, LTD., et al., ("Defendants" and/or "Underwriters"), and states as follows:

## JURISDICTION, PARTIES & VENUE

1. This is a civil action arising from a breach of contract to provide insurance benefits which exceed $75,000.00.

2. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, as this is a civil action for which the amount in controversy exceeds $75,000.00 exclusive of interest and is between citizens of different states.

3. At all times material hereto, the Plaintiff, Mrs. Tidmore is an adult individual and a resident and citizen of the State of Florida, specifically of Lee County, Florida, and is the Trustee of the Estate of William Tidmore.

4. At all times material hereto, Defendants include a consortium of syndicates at Lloyd's of London, who are citizens of the United Kingdom, and are authorized to conduct and are conducting business in the state of Florida, specifically, Lee County, Florida.

5. At all times material hereto, Defendant, Ark Syndicate Management, Ltd., syndicate 4020, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

6. At all times material hereto, Defendant, Pembroke Management, LTD., syndicate 4000, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

7. At all times material hereto, Defendant, Travelers Syndicate Management, LTD., syndicate 5000, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

8. At all times material hereto, Defendant, Argo Managing Agency, LTD., syndicate 1200, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

9. At all times material hereto, Defendant, Ascot Underwriting, LTD., syndicate 1414, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

10. At all times material hereto, Defendant, Tokio Marine Kiln Syndicates, LTD., syndicate 510, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

11. At all times material hereto, Defendant, Hiscox Syndicates, LTD., syndicate 33, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

12. At all times material hereto, Defendant, Managing Agency Partners, LTD., syndicate 2791, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

13. At all times material hereto, Defendant, Amtrust at Lloyd's, LTD., syndicate 1206, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

14. At all times material hereto, Defendant, MS Amlin Underwriting, LTD., syndicate 2001, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

15. At all times material hereto, Defendant, QBE Underwriting., LTD., syndicate 566, is a foreign entity in the business of insurance, who is incorporated and resided in the United Kingdom.

16. At all times material hereto, Defendant, Catlin Underwriting Agencies, LTD., syndicate 2003, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

17. At all times material hereto, Defendant, Axis Managing Agency, LTD., syndicate 2007, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

18. At all times material hereto, Defendant, StarStone Underwriting, LTD., syndicate 1301, is a foreign entity in the business of insurance, who is incorporated and resides in the United Kingdom.

19. This Court has personal jurisdiction over Defendants who are engaged in business in the State of Florida and are therefore subject to personal jurisdiction in the forum state. *See*, Fla. Stat. § 48.193(1)(a)(1).

20. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

21. Mrs. Tidmore has satisfied all conditions precedent to the filing of this law suit and/or the conditions have been waived.

## **Factual Background**

22. Mrs. Tidmore is William Tidmore's ("Mr. Tidmore") surviving spouse and the Trustee of Mr. Tidmore's Estate.

23. Mr. Tidmore was insured under Lloyd's Certificate Number 1693909 ("the Certificate").

24. The Certificate provides that in exchange for the payment of premiums, Defendants will pay the principal sum of Accidental Death and Dismemberment ("AD&D") benefits to the Estate of William Tidmore, according to the terms and conditions, in the event of Mr. Tidmore's accidental death.

25. On or about August 22, 2016 Defendants issued to Mr. Tidmore Certificate Number: 1693909. A true and correct copy is attached as Exhibit A.

26. Certificate Number 1693909 contains the following relevant provisions:

> **Accidental death** means an accidental bodily injury that results in death.
> **Accident, Injury** means accidental bodily Injury sustained by the insured, during the Term of Insurance, which is the direct cause of loss, independent of disease or bodily infirmity.
>
> **Accidental Death Coverage**: We will pay to Your designated Beneficiary the Principal sum benefit shown in the Schedule of Benefits in the event of Your Accidental Death. The Accident must occur during the Term of Insurance and the Accidental Death must occur within 365 days of the Accident.
>
> **Exclusions**: No benefits will be paid due to Injury or death caused by, contributed to by or related to the following and/or their treatments and/or complications thereof (unless deleted by endorsement):
>
> 1. Sickness of any type;

27. At all times material hereto, Mr. Tidmore paid the premiums for the above referenced Certificate.

28. On July 27, 2017, Mr. Tidmore died from an Accident, Injury that occurred during an offshore fishing trip.

29. While on a fishing trip, on July 25, 2017, Mr. Tidmore accidentally cut his right leg, which became infected with vibro vulificus, swollen, and blistered. As a direct result of the accidental bodily Injury, Mr. Tidmore died two days later, July 27, 2017, from necrotizing fasciitis, septic shock, and multiple organ dysfunction.

30. Subsequent to July 27, 2017, Mrs. Tidmore notified Defendant of Mr. Tidmore's passing and sent completed claim forms on October 6, 2017 stating that Mr. Tidmore's death was a direct result of an accidental abrasion on his leg which resulted in the vibrio vulnificus infection, causing septic shock and multiple organ dysfunction.

31. On or about March 15, 2018, Lloyd's denied Mrs. Tidmore's claim asserting that Mr. Tidmore's death was not the result of an Accident, Injury under the Certificate.

32. Mrs. Tidmore appealed the denial and submitted additional documentation from Dr. Robert Casola, D.O., an orthopedic surgeon who is board certified in wound care, sufficiently evidencing that Mr. Tidmore's death was due to an accident, Injury under the Certificate.

33. On June 26, 2018, Defendant affirmed its previous determination that Mr. Tidmore's death was not an accident, Injury and upheld their denial alleging that Mr. Tidmore's death was caused by, contributed to by or related to a sickness.

34. Defendants have been provided with and are in possession of sufficient proof that Mr. Tidmore's death meets the definition of Accident, Injury under Certificate Number 1693909, rendering Mrs. Tidmore eligible for AD&D benefits under said Certificate, but, have refused and continue to refuse to pay the AD&D benefits owed under the subject Certificate.

35. As a direct and proximate result of Defendant's actions, Mrs. Tidmore has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## COUNT I
## BREACH OF CONTRACT

36. Plaintiff, Mrs. Tidmore, hereby adopts, re-alleges and reaffirms each and every allegation contained in Paragraphs 1 through 35, as though fully alleged forth herein, and further alleges:

37. Mr. Tidmore and Defendants entered into an agreement under Certificate Number 1693909, whereby in exchange for the payment of Premiums, Defendants promised to pay AD&D benefits in the event of Mr. Tidmore's accidental death under the Certificate.

38. Defendants' aforementioned denial of and refusal to pay the AD&D benefit under Certificate Number 1693909 to Mrs. Tidmore, constitutes a breach of the subject Certificate.

39. Defendants have breached the contract by failing to provide AD&D insurance benefits since his death on July 27, 2017.

40. Defendants have breached Certificate Number 1693909 by imposing extra-contractual requirements to establish proof of loss and by applying an unreasonable interpretation of the contract provisions and thereby, asserting the contract provides Mrs. Tidmore with less rights than Mr. Tidmore actually purchased.

41. Defendants have breached Certificate Number 1693909, by failing to reasonably review the proof of loss submitted by Mrs. Tidmore, by ignoring sufficient information establishing Mr. Tidmore's accidental death, and by failing to render a reasonable decision in this matter.

42. As a direct and proximate result of such breaches of contracts Defendants, Mrs. Tidmore has sustained damages including, but not limited to, the loss of such past due AD&D benefits, from the first denial of the claim under the policies through present.

## COUNT II:
## DECLARATORY JUDGMENT

43. Mrs. Tidmore hereby adopts, re-alleges and reaffirms each and every allegation contained in Paragraphs 1 through 35 of this Complaint as though fully alleged herein, and further alleges:

44. This is an action for declaratory judgment and for any other necessary or proper relief pursuant to 28 U.S.C. §§ 2201-02.

45. Mrs. Tidmore has provided Defendants with ample and sufficient proof of loss, establishing that Mr. Tidmore's death was due to an Accident, Injury under Certificate Number 1693909.

7

46. Defendants ignored this information, refused to render a determination that Mr. Tidmore's death was an Accident, Injury under the terms of Certificate Number 1693909 and asserted that Mr. Tidmore's death was the result of a sickness.

47. Accordingly, an actual dispute between the parties exists as to Mrs. Tidmore's right to AD&D benefits under Certificate Number 1693909.

48. Mrs. Tidmore is entitled to a declaration that Mr. Tidmore's death was an Accident, Injury and Defendants are obligated to pay to Mrs. Tidmore AD&D benefits under Certificate Number 1693909.

**WHEREFORE**, the Plaintiff, Barbara Tidmore as Trustee of the Estate of William Tidmore, prays that the following relief be granted to her:

A. A determination that Defendants have breached the terms Certificate Number 1693909 and that Mrs. Tidmore is entitled to AD&D benefits under same.

B. Actual damages in excess of $75,000.00, as the court or jury may deem appropriate for the Defendant's breach of the insurance Contract at issue: Certificate Number 1693909;

C. All damages suffered by Mrs. Tidmore as a result of the Defendant's breach of the insurance Contract at issue: Certificate Number 1693909;

D. A sum in excess of $75,000.00, as the court or jury may deem appropriate for Defendant's breach of the insurance Contract at issue: Certificate Number 1693909;

E. Attorney's fees (pursuant to Florida Statute § 627.428), interest, and costs to the extent allowed under the law; and/or

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Mrs. Tidmore, by and through the undersigned counsel hereby demands trial by jury of all issues triable as a matter of right.

Dated:  June 4, 2019                        Respectfully Submitted,

DI LAW GROUP
Attorneys for Plaintiff TIDMORE
3201 West Commercial Blvd, Suite 227
Fort Lauderdale, Florida 33309
Tel. (954) 989-9000
Fax. (954) 989-9999

s/Alicia Paulino-Grisham
Alicia Paulino-Grisham
Florida Bar No.: 0676926
Email: alicia@dilawgroup.com